**Electronically Filed
Supreme Court
28686
08-DEC-2010
10:15 AM**

NO. 28686

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

STEVEN B. JOHNSON, Respondent.

---

ORIGINAL PROCEEDING
(ODC 08-053-8696)

ORDER OF DISBARMENT
(By: Recktenwald, C.J., Nakayama, Acoba and Duffy, JJ.,
and Intermediate Court of Appeals Chief Judge Nakamura,
assigned by reason of vacancy)

Upon consideration of the Disciplinary Board's Report and Recommendation for the Disbarment of Respondent Steven B. Johnson and Respondent Johnson's lack of objection thereto as exhibited by his failure to request briefing as permitted by Rule 2.7(d) of the Rules of the Supreme Court of the State of Hawai‘i (RSCH), it appears that Respondent Johnson failed to disclose Oregon disciplinary matters in his 2004 bar application and failed to update the application before he was admitted to the Bar of the State of Hawai‘i in violation of rules governing admission to the Bar and Rules 3.3(a) (A lawyer shall not knowingly: (1) make a false statement of material fact or law to

a tribunal); 8.1(a) (An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not: (a) knowingly make a false statement of material fact); 8.1(b) (An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:  . . . (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter); 8.4(a) (It is professional misconduct for a lawyer to: (a) violate or attempt to violate the rules of professional conduct); and 8.4(c) (It is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation).  Therefore,

IT IS HEREBY ORDERED that Respondent Steven B. Johnson is disbarred from the practice of law in this jurisdiction, effective immediately, notwithstanding RSCH Rule 2.16(c).

IT IS FURTHER ORDERED, pursuant to RSCH Rule 2.2(d), that in addition to the requirements of RSCH Rule 2.16, Respondent must apply for, take, and pass the Hawaiʻi Bar Examination before a reinstatement petition will be considered.

DATED:  Honolulu, Hawaiʻi, December 8, 2010.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Craig H. Nakamura

